Headerick, J.,
delivered the opinion of the court.
Asa Mann died in Haywood County, leaving seven., children as his heirs at law.
The bill in this case was filed in the chancery court at Brownsville, to wind up the estate, to take account of advancements, and to collate the same, and to divide the real estate, no personalty, at the death of the intestate, remaining for distribution.
W. B. Mann was indebted to the estate of his. father, by note executed to the latter in his lifetime,, for $2,000, and was insolvent. Immediately after the qualification of the administrators, some -of the creditors of "W. B. Mann attached the real estate descended to him from his father; and others of his. creditors have levied on his interest therein.
Upon the foregoing facts, constituting the material portion of an agreed case submitted to the Chancellor, he was asked to determine the question, whether said real estate descended to said W. B. Mann charged, *247 with the amount of his indebtedness to the estate of his father; or whether the attaching and levying-creditors can have satisfaction of their several debts out of W. B. Mann’s interest in the land, without first paying thereout the note due from V. B. Mann to-the estate.
The Chancellor held that the note constituted no-lien upon the land descended, — that the land descended free from any incumbrance by reason of W. B. Mann’s-indebtedness to 'the estate.
From this . decree the complainants have appealed to this court.
In the case of Vaden v. Hance, 1 Head, 304, where the son executed notes to his father, it was held that where notes were executed with nothing to-show that they were intended as advancements, or to-explain the intention with which they were held, they must prima faeie be regarded as debts, and not as-evidence of gifts or advancements.
If, however, a father pay a debt for a child, in the absence of proof to the contrary, the payment is presumed to be an advancement; and where a child has been advanced, the advancements must be collated and accounted for before an attaching creditor of such child can have satisfaction of his debt. Johnson v. Hoyle, 3 Head, 56.
In the same case, the direct question arising in this case was reserved, to-wit: If the heir is indebted to the estate, will such debt have priority over an attaching creditor’s? The Chancellor had held in the affirmative, and this court said, in reviewing the ques *248 tion: “We will not say that he was incorrect, but do not pass upon that question now.”
It had been previously held, that if an heir is indebted to the estate in a sum which cannot otherwise be made, the administrator may, by proper proceedings, subject his interest in the realty to its payment. But if, before such proceedings, the heir had bond fide transferred his interest in the estate to an innocent party, the debt not "being a lien upon such interest, the latter cannot be subjected to the satisfaction of the former. Towles v. Towles, 1 Head, 601.
It thus appears that no lien attaches to the land descended to the heir, for a debt due to the ancestor’s estate; and if such indebtedness exist the administrator, if it be necessary to secure it, should institute proper proceedings to subject the land descended to the satisfaction of the debt.
We are therefore of opinion that the decree of the Chancellor is correct, and affirm it.